**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
**ALBANY DIVISION**

| | |
|---|---|
| MICHAEL BRANCUCIO, | **Case No.** 1:22-CV-0090 (DNH/DJS) |
| Plaintiff, | |
| v. | |
| CONVERGENT OUTSOURCING, INC., EGS FINANCIAL CARE, INC.; GC SERVICES LIMITED PARTNERSHIP; iENERGIZER, INC.; and SUTHERLAND GLOBAL COLLECTION SERVICES, LLC, | |
| Defendants. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Michael Brancucio, by and through his attorneys, files this Complaint against Defendants Convergent Outsourcing, Inc. ("Convergent"), EGS Financial Care, Inc. ("EGS"), GC Services Limited Partnership ("GC Services"), iEnergizer, Inc. ("iEnergizer"), and Sutherland Global Collection Services, LLC ("Sutherland") (together, the "Defendants") for their violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, and intrusion upon Mr. Brancucio's seclusion, and alleges as follows:

## INTRODUCTION

1.      Count I of Mr. Brancucio's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2.      Count II of Mr. Brancucio's Complaint is based upon the Fair Debt Collection

*Brancucio v. Convergent Outsourcing, Inc., et al.*
Complaint and Demand for Jury Trial

Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in connection with the collection of consumer debts.

3.      Count III of Mr. Brancucio's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from §652B of the Restatement (Second) of Torts. §652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns . . . that would be highly offensive to a reasonable person."

## JURISDICTION

4.      Jurisdiction of this court arises under 28 U.S.C. §§1331, 1367 and 47 U.S.C. §227.

5.      Federal question jurisdiction exists because Defendants' conduct violates Mr. Brancucio's rights under the TCPA and the FDCPA, federal statutes.

6.      Supplemental jurisdiction exists because all of Plaintiff's claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

7.      Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events giving rise to the claim occurred within the geographic boundary of the Northern District of New York.

8.      Because Defendants' conduct was aimed at, the effects of its conduct were suffered in, and it transacts business in the Northern District of New York, personal jurisdiction is established.

## PARTIES

9.      Mr. Brancucio is a natural person.

10.     During all times pertinent to this complaint Mr. Brancucio resided in Kerhonkson, New York.

11.     Mr. Brancucio is a "consumer" as defined under 15 U.S.C. §1692a(3).

12.     Defendants' are "debt collector[s]" as defined under 15 U.S.C. §1692a(6).

13.     Convergent is a Washington debt collector with its principal place of business located in Renton, Washington. Convergent can be served through its New York registered agent C T Corporation System, located at 28 Liberty St., New York, NY, 10005.

14.     EGS is a Pennsylvania debt collector with its principal place of business located in Irvine, California. EGS can be served through its New York registered agent Registered Agent Solutions, Inc., located at 99 Washington Avenue, Suite 1008, Albany, NY 12260.

15.     GC Services is a Delaware debt collector with its principal place of business located in Houston, Texas. GC Services can be served through its New York registered agent C T Corporation System, located at 28 Liberty St., New York, NY, 10005.

16.     iEnergizer is a Delaware debt collector with its principal place of business located in Dallas, Texas. iEnergizer can be served through its New York registered agent "Readyset", located at 1120 Ave Of The Americas, 4 fl, New York, NY, 10036.

17.     Sutherland is a Delaware debt collector with its principal place of business located in Sugar Land, Texas. Sutherland can be served through its New York registered agent Corporation Service Company, located at 80 State Street, Albany, NY, 12207.

18.     Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19.     The debt underlying this action is a "debt" as defined under 15 U.S.C. §1692a(5), because it originated in obligations or alleged obligations of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes.

20.    Beginning in or around February 2020, Defendants began calling Mr. Brancucio's cellular phone attempting to collect a debt allegedly owed by Mr. Brancucio to non-party Credit One Bank, N.A. ("Credit One").

21.    Credit One hired third party vendors Convergent, EGS, GC Services, iEnergizer, and Sutherland, to place the collection calls to Credit One customers including Mr. Brancucio.

22.    Defendants placed the collection calls, impersonated, and identified themselves as Credit One, hiding their true identities as a debt collector.

23.    Defendants misrepresented and deceived Mr. Brancucio as to their true identities and their affiliation to Credit One.

24.    Defendants placed telephone calls to Mr. Brancucio's cellular phone without a meaningful disclosure as to their true identities.

25.    Defendants intentionally and knowingly refrained from disclosing their true identities so as to circumvent and avoid the requirements of the FDCPA.

26.    Defendants provided call center collectors to Credit One and used their own agents and equipment to contact Mr. Brancucio.

27.    Defendants are in the business of collecting consumer debts owed or due or asserted to be owed or due another.

28.    On or about April 8, 2020, at approximately 10:17 a.m., Mr. Brancucio answered a call from Defendants. After picking up the call, Mr. Brancucio noticed an unusually long delay and recalls hearing a short burst of dialing tones or beeps before the representative began speaking, consistent with the use of an automatic dialing system.

29.    The representative on the line informed and led Mr. Brancucio to believe that the representative was an employee of Credit One.

30.     The representative then informed Mr. Brancucio that the representative was attempting to collect an alleged debt owed by Mr. Brancucio to Credit One.

31.     After going through the identification process, Mr. Brancucio informed the representative that he was going through a financial hardship, a consequence of being hit by an 18-wheeler that disabled him completely, and received social security and disability payments, meaning that his income had gone down from about $65,000 to $12,000 a year.

32.     Mr. Brancucio instructed the representative to stop calling him and instead to just mail him his bills.

33.     Despite Mr. Brancucio expressly informing the representative not to call him and explaining why he had no money left to repay Credit One, Defendants began a harassment campaign by calling Mr. Brancucio on his cellular phone relentlessly for two months, including on the weekends.

34.     Mr. Brancucio answered collection calls from Defendants several times, including on May 5 at approximately 5:44 p.m., on May 14 at approximately 10:28 a.m., on May 15 at approximately 9:33 a.m., on May 29 at approximately, 6:15 p.m., and on June 2 at approximately 6:50 p.m.

35.     Each time, after picking up the call, Mr. Brancucio noticed an unusually long delay and recalls hearing beeps, tones, or clicks before the representative began speaking, consistent with the use of an automatic dialing system.

36.     Each time, Mr. Brancucio explained that he did not have money to pay Credit One and that the representative should stop calling and instead communicate with him by mail.

37.     Despite these explicit instructions, Defendants continued to call Mr. Brancucio.

38.     The calls originated from the following 52 numbers: 551-220-9894; 501-443-4907;

520-467-5703; 551-220-9206; 551-220-9257; 551-220-9891; 551-220-9892; 551-220-9893; 551-220-9942; 551-220-9943; 551-220-9944; 551-220-9945; 551-220-9993; 551-220-9994; 551-220-9995; 551-222-3173; 551-227-9789; 551-233-5639; 551-235-8553; 551-235-8604; 551-261-5541; 551-261-5542; 551-261-5543; 551-261-5595; 551-261-5643; 551-261-5644; 551-261-5645; 551-267-9314; 551-267-9316; 551-267-9317; 551-267-9351; 551-267-9381; 551-267-9383; 551-267-9384; 551-267-9385; 551-298-3991; 551-298-3997; 551-298-4024; 551-298-4056; 551-298-4062; 551-554-3060; 562-362-6817; 619-371-4918; 747-215-2457; 774-530-8860; 833-405-0467; 917-997-6460; 917-997-6560; 917-997-9277; 917-997-9278; 917-997-9307; 917-997-9308.

39.     Upon information and belief, these numbers are independently owned or operated Defendants.

40.     Upon information and belief, Defendants "spoofed" or made their calls to show as originating from those numbers.

41.     Between April 10, 2020 and June 12, 2020, all after Mr. Brancucio had revoked consent to be called, Defendants called Mr. Brancucio on his cellular telephone no less than **TWO HUNDRED AND SEVENTEEN (217)** times.

42.     Defendants called Mr. Brancucio almost every day, including the weekends.

43.     Defendants called Mr. Brancucio multiple times throughout the day, up to eight (8) times in one day.

44.     Defendants called Mr. Brancucio at all times of the day, from as early as 8 a.m., to as late as 8 p.m.

45.     Upon information and belief, Defendants also called and texted, or attempted to call and text friends and family of Mr. Brancucio with the intention that they would communicate

to Mr. Brancucio that Defendants were attempting to collect a debt from him, causing Mr. Brancucio additional embarrassment and distress.

46.    Upon information and believe, Defendants called Mr. Brancucio and delivered prerecorded or artificial voice messages.

47.    Upon information and belief, Defendants' systems "use a random generator to determine the order in which to pick phone numbers from a preproduced list" as provided to it by Credit One and "then store those numbers to be dialed at a later time." *Facebook, Inc. v. Duguid*, 592 U. S. ____, slip op. 10, n.7 (2021).

48.    Upon information and belief, Defendants' equipment used to call Mr. Brancucio have the capacity to store a telephone number using a random or sequential number generator and then dial those numbers at the appropriate times of the day so as to not call before the allowable times depending on the zip code where each of the Credit One customers reside.

49.    Upon information and belief, Defendants' systems used to call Mr. Brancucio have the capacity to produce a telephone number using a random or sequential number generator.

50.    Defendants' intrusion upon Mr. Brancucio's seclusion was highly offensive to the reasonable person and exceeded reasonable collection efforts. Defendants' conduct was especially unreasonable because they called relentlessly shortly after Mr. Brancucio asked Defendants several times to stop calling him and explained that he had no money because he was disabled and living off his social security and disability payments.

51.    Defendants' conduct was not only knowing and willful but was done with the intention of causing Mr. Brancucio such distress, so as to induce him to pay the debt or somehow pay more than he was able to.

52.    Defendants are familiar with the TCPA and the FDCPA.

*Brancucio v. Convergent Outsourcing, Inc., et al.*
                    Complaint and Demand for Jury Trial

53.     Each and every one of Defendants' telephone calls caused Mr. Brancucio distraction and temporary loss of use of his telephone line.

54.     As a result of Defendants' conduct, Mr. Brancucio has sustained actual damages including but not limited to, stress, anxiety, embarrassment, anguish, annoyance, severe emotional and mental pain.

55.     Mr. Brancucio was additionally forced to spend considerable time, money and effort into identifying the actual party that was violating his rights because Defendants had intentionally concealed their true identities and deceived Mr. Brancucio into believed it was Credit One who was calling him.

*Procedural Background*

56.     On August 18, 2020, non-party Michelle Jones —represented by undersigned counsel's law firm— filed a complaint against Credit One and Does 1-5, before the U.S. District Court for the District of Nevada (the "Jones Litigation"). (*Jones, Michelle v. Credit One Bank, N.A. et al.*, Case No. 2:20-cv-01523.)

57.     On September 17, 2020, Plaintiff filed a complaint against Credit One and Does 1-5, before the U.S. District Court for the District of Nevada. (*Brancucio, Michael v. Credit One Bank, N.A. et al.*, Case No. 2:20-cv-01723.)

58.     On December 8, 2020, the Nevada Court granted Credit One's motion to compel arbitration in the Jones Litigation, as well as other cases pending in the Nevada District against Credit One and Does 1-5 alleging similar facts and asserting similar claims, and represented by undersigned counsel's law firm. (Doc. 19.)

59.     Thereafter, Plaintiff filed a demand for arbitration against Credit One before the AAA.

60.     On or about December 2, 2021, Plaintiff and Credit One settled that arbitration.

61.     On or about December 22, 2021, Credit One disclosed to Plaintiff, and Plaintiff learned for the first time, that Defendants were the unidentified parties named "Does 1-5" in Plaintiff's Nevada litigation and AAA arbitration against Credit One.

## COUNT I

### Violations of the TCPA, 47 U.S.C. §227

62.     Mr. Brancucio incorporates by reference paragraphs 19 through 61 as though fully stated herein.

63.     Defendants violated the TCPA. Defendants' violations include, but are not limited to the following:

a) Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. §227(b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call."

b) Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. §227(b)(1)(B) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. . . ."

c) Within four years prior to the filing of this action, on multiple occasions,

Defendants willfully and/or knowingly contacted Mr. Brancucio on his cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendants knowingly and/or willfully violated the TCPA.

64.     As a result of Defendants' violations of 47 U.S.C. §227, Mr. Brancucio is entitled to declaratory judgment that Defendants' conduct violated the TCPA, and an award of five hundred dollars ($500.00) in statutory damages for each and every negligent violation, pursuant to 47 U.S.C. §227(b)(3)(B). If the Court finds that Defendants knowingly and/or willfully violated the TCPA, Mr. Brancucio is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. §§227(b)(3)(B), (C).

## COUNT II

### Violations of the FDCPA, 15 U.S.C. §1692 *et seq.*

65.     Mr. Brancucio incorporates by reference paragraphs 19 through 61 as though fully stated herein.

66.     Defendants violated the FDCPA. Defendants' violations include, but are not limited to the following:

a) collecting or attempting to collect a consumer debt without complying with the provisions of 15 U.S.C. §§1692b to 1692j;

b) engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, §1692d;

c) causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, §1692d(5);

d) using false, deceptive, or misleading representations or means in connection with

the collection of any debt, §1692e;

e)  using false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, §1692e(10);

f)  failing to disclose in the initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and failing to disclose in subsequent communications that the communication is from a debt collector, §1692e(11);

g) using Credit One's name instead of Defendants' true business, companies, or organization names, §1692e(14);

h) using unfair or unconscionable means in connection with the collection of an alleged debt, §1692f.

67.     Defendants' acts, as described above, were done knowingly and willfully.

68.     As a result of the foregoing violations of the FDCPA, Defendants are liable to Mr. Brancucio for declaratory judgment that Defendants' conduct violated the FDCPA, actual damages, statutory damages, and attorney's fees and costs. 15 U.S.C. §1692k(a).

## COUNT III

### Invasion of Privacy – Intrusion Upon Seclusion

69.     Mr. Brancucio incorporates by reference paragraphs 19 through 61 as though fully stated herein.

70.     Restatement of the Law, Second, Torts, §652B defines intrusion upon seclusion as, "[o]ne who intentionally intrudes . . . upon the solitude or seclusion of another, or her private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

*Brancucio v. Convergent Outsourcing, Inc., et al.*
Complaint and Demand for Jury Trial

71.     Defendants violated Mr. Brancucio's privacy. Defendants' violations include, but are not limited to, the following:

a)  Defendants intentionally intruded, physically or otherwise, upon Mr. Brancucio's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite requests for the calls to cease.

b)  The number and frequency of the telephone calls to Mr. Brancucio by Defendants after  requests for the calls to cease constitute an intrusion on Mr. Brancucio's privacy and solitude.

c)  Defendants' conduct would be highly offensive to a reasonable person as Mr. Brancucio received countless unwanted phone calls that often interrupted and occupied his cellphone line.

d)  The frequency, timing, and volume of Defendants' calls were harassing to Mr. Brancucio.

72.     Defendants' acts, as described above, were harassing and done intentionally with the purpose of coercing Mr. Brancucio to pay the alleged debt.

73.     As a result of Defendants' violation of Mr. Brancucio's privacy, Defendants are liable to Mr. Brancucio for actual damages. If the Court finds that the conduct is egregious, Mr. Brancucio may recover punitive damages.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Mr. Brancucio hereby demands a trial by jury of all issues triable by jury.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Michael Brancucio respectfully requests an award be rendered

against Defendants for the following:

A.   Declaratory judgment that Defendants violated the TCPA and FDCPA;

B.   Statutory damages against Defendants of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B);

C.   Statutory damages against Defendants of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B), (C);

D.   Actual damages against Defendants pursuant to 15 U.S.C. §1692k(a);

E.   Punitive damages against Defendants pursuant to 15 U.S.C. §1692k(a);

F.   Attorneys' fees and costs against Defendants pursuant to 15 U.S.C. §1692k(a);

G.   Actual and punitive damages for Defendants' intrusion upon Mr. Brancucio's seclusion;

H.   Awarding Mr. Brancucio any pre-award and post-award interest as may be allowed under the law; and

I.   Any other relief that the Court deems appropriate.

Respectfully submitted this 1st day of February 2022.

> */s/ Stuart M. Price*
> Stuart M. Price
> NY Bar No. 513461
> Price Law Group, APC
> 6345 Balboa Blvd, #247
> Encino, CA 91316
> T: (818) 205-2411
> F: (818) 600-5406
> E: stuart@pricelawgroup.com
>
> *Attorneys for Plaintiff*
> *Michael Brancucio*

*Brancucio v. Convergent Outsourcing, Inc., et al.*
Complaint and Demand for Jury Trial